**In the Matter of Robert M. HOLLAND, III, Respondent.**

**No. 45S00–0804–DI–178.**

Supreme Court of Indiana.

Aug. 21, 2009.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable Daniel J. Molter, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** The first three counts of misconduct involve Respondent's finances and fees. On more than one occasion, Respondent allowed the balance in his attorney trust account to drop below the amount of client funds he was supposed to be holding and at one point the account became overdrawn. His trust account records were incomplete and inaccurate, and he made cash deposits and withdrawals without recording further information. He permitted comingling of funds by allowing contingent fees to remain in his trust account for extended periods of time. He paid himself a contingent fee in excess of what he was entitled to collect, and he used funds from his trust account for unauthorized purposes.

Concerning the fourth count of misconduct, after a court hearing concluded and the judge left the bench, Respondent accused opposing counsel of paying the judge a $1000 bribe. Respondent's accusation was untrue, and Respondent either knew it was untrue or he acted with reckless disregard of the truth.

Facts in aggravation are: (1) Respondent has not admitted any wrongdoing and has expressed no remorse; (2) Respondent's conduct in the proceeding has been confrontational; (3) Respondent failed to appear on the final day of the hearing before the hearing officer; and (4) Respondent failed to appear at a pre-hearing conference without notice to the hearing officer or to counsel for the Commission. A fact in mitigation is Respondent's lack of prior discipline.

**Violations:** The Court finds that Respondent violated these rules prohibiting the following misconduct. Ind. Professional Conduct Rules:

1.5(a): Collecting an unreasonable fee.

1.15(a): Failing to hold property of clients properly in trust and commingling funds.

4.1(a): Knowingly making a false statement of material fact to a third person.

8.2(a): Knowingly making a false or reckless statement concerning the qualifications or integrity of a judge.

8.4(b): Committing criminal conversion.

Ind. Admission and Discipline Rules:

23(29)(a)(2): Failing to maintain and preserve clear record of date, amount, source, and explanation for funds held in trust.

23(29)(a)(4): Failing to deposit funds received on behalf of clients intact.

23(29)(a)(5): Making withdrawals from a trust account by checks payable to "cash" and/or without detailing the purpose of the withdrawal.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of at least 12 months, without automatic reinstatement, beginning October 1, 2009.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of that period, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur, except BOEHM, J., who would impose a lesser sanction.